**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.**

MARTHA VELEZ,

    Plaintiff,

v.

HARBOR MANAGEMENT SERVICES, INC

    Defendant.

_____/

**COMPLAINT**

Plaintiff, Martha Velez, by and through her undersigned attorney, files this Complaint against Defendant, Harbor Management Services, Inc., stating as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. This is an action to recover unpaid overtime wages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA").

2. The court has jurisdiction based on 29 U.S.C. §216(b).

3. Defendant, Harbor Management Services, Inc, is a for profit corporation that manages community associations. As per the company's web site[1], they "offer professional services for every aspect of Community Association Management." Defendant employs more than 2 employees. Defendant engaged in interstate commerce by accepting payment and doing business with interstate clients through interstate means and using materials that have been shipped in interstate commerce. Defendant has grossed more than $500,000 in revenue in each of the last 3 years. By satisfying these thresholds, Defendant is considered an

---

[1] https://harbormanagement.us/services-1

enterprise for purposes of the FLSA.

4. Plaintiff was an employee of Defendant. She held an inflated title of "recreation supervisor" but her job duties included handling phone calls and office correspondence, sending faxes, assisting with scheduling, payroll, and events, and handling complaints from residents.

5. Plaintiff qualifies for individual coverage under the FLSA because she regularly received interstate phone calls and faxes and accepted interstate payments.

6. At all times material, Plaintiff was and is a resident of Miami-Dade County, FL.

7. This Court has jurisdiction over Defendant because it engaged in substantial business activity within the District, Plaintiff was employed in the District, and all of the allegations in this Complaint occurred in the District.

8. Venue is proper due to the unlawful employment practices alleged occurring in Miami-Dade County.

### COUNT I: OVERTIME WAGE AND HOUR VIOLATION

9. Plaintiff incorporates paragraphs 1-8 above.

10. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

11. Plaintiff worked for Defendant beginning in 2008 and continued until her termination in

early 2021.

12. Plaintiff was paid an hourly wage of $19.67 for her work during the relevant time period. This makes her overtime rate $29.51.

13. For many years up until approximately April 2020, Plaintiff was made to work extra hours every other week.  She would have a 2 week schedule that saw her work 7 consecutive days (Monday through Sunday) followed by two days off (Monday and Tuesday) followed by three days of work (Wednesday through Friday) and then the weekend off.  It would then repeat.  Since she worked regular 8 hour days, this would come to 80 hours for a 2 week period.  However, since wages are to be recorded and paid in week by week intervals for overtime purposes, this would mean she would work 56 hours one week including 16 hours of overtime followed by 24 hours the next week.

14. She was also made to work special events for no additional pay.

15. Plaintiff was occasionally paid overtime for her work, but this payment was inconsistent and not commensurate with her actual hours worked.

16. In order to be an exempt employee under either the executive or administrative FLSA exemptions, the employee must make a certain salary.  This consistent amount must have been at least $455 per week through the end of 2019 and then at least $684 beginning in 2020.

17. It is clear from Plaintiff's pay stubs that she was not paid a salary but rather an hourly wage throughout her employment.  Therefore, no FLSA overtime exemption can apply.

18. Even if she were to have received a salary, no FLSA exemption applies.

19. The executive exemption also requires the exempt employee to have some level of authority over other employees.  This includes some combination of hiring, firing,

disciplining, and managing these employees as well as managing a department of the business. The administrative exemption requires the exempt employee to perform office work related to the business operations as well as using discretion and independent judgment in performing matters of significance.

20. Despite being labeled Recreation Supervisor, she did not actually supervise any other employees. Her job duties were limited to menial tasks that helped process complaints or facilitate basic task work. At no point did her responsibilities rise to the level of using her own discretion to handle her tasks. All her actions were either routine or from the direct command of one of her supervisors. Though it was her job to perform these duties, they could have been performed by anyone with minimal training. These job duties do not lend themselves to any application of an overtime exemption.

21. Plaintiff estimates that she worked approximately 56 hours per week, every other week.

22. Plaintiff's time was regularly tracked by Defendant. Despite this, she was still not paid accurately. Plaintiff's time and pay records should be in the possession of Defendant.

23. Plaintiff seeks to recover unpaid overtime wages accumulated from 3 (three) years prior to the filing of this Complaint. Considering Defendant paid Plaintiff overtime on some occasions but not others, it would stand to reason that not paying overtime during weeks where more than 40 hours was worked was intentional or willful.

24. Plaintiff's estimated overtime of $6,137.04 is based on a week to week calculation between October 4, 2018 and April 1, 2020[2] at approximately 56 hours per every other week.[3]

25. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked

---

[2] 78 weeks, but every other week comes to 39 weeks of overtime.
[3] Halftime rate of $9.835 x 16 hours x 39 weeks

in excess of the maximum hours provided by the Act but no provision was made by Defendant to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

26. Defendant knew of and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remain owing Plaintiff these overtime wages and Plaintiff is entitled to recover liquidated damages. Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime payments.

27. Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remain owing Plaintiff these overtime wages as set forth above.

## **PRAYER FOR RELIEF**

**WHEREFORE**, from this Complaint, Plaintiff demands that:

A.  Judgment is entered for Plaintiff against Defendant on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.  Plaintiff is awarded actual damages in the amount shown to be due for unpaid overtime compensation; and

C.  Plaintiff is awarded an equal amount in liquidated damages; and

D.  Plaintiff is awarded reasonable attorneys' fees and costs of suit; and

E.  Other and further relief as is deemed equitable and just and/or available pursuant to Federal Law is awarded.

Dated: October 4, 2021

Respectfully submitted,

By: /s R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email: rer@sorondorosenberg.com
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff